RAMIREZ, C.J.
 

 We have before us an Emergency Petition for Writ of Habeas Corpus because the trial judge has ordered an uncooperative juvenile to secure detention contrary to law. The petition alleges that the facts surrounding M.F.’s detention are no different from our opinion in
 
 C.B. v. Dobuler,
 
 997 So.2d 463 (Fla. 3d DCA 2008). The statutory authority for holding M.F. in secure detention emanates from section 985.255(l)(i), Florida Statutes (2009), which limits to seventy-two hours the power to hold a juvenile after quashing a pickup order. This statute has not been amended since our decision in
 
 C.B.
 
 Before we could issue our decision, the trial court released the petitioner, rendering this petition moot. We write, however, to remind the new judges in the juvenile division that while we recognize that they may be acting from the best of motives, we all must follow legislative mandates.
 

 It is not for us, as judges, to question the wisdom of the legislation. Rather, our task is simply to carry it out. Section 985.255 establishes the criteria for detaining a child, pending the outcome of a juvenile delinquency case. A decision to detain a child must be made according to the statutory criteria.
 

 K.E. v. Department of Juvenile
 
 Justice, 963 So.2d 864, 868 (Fla. 1st DCA 2007).
 

 Petition dismissed as moot.